UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
and THE STATE OF FLORIDA ex rel.
ANGELA RUCKH,

      Plaintiff,

v.                                                                    Case No:  8:11-cv-01303

GENOA HEALTHCARE CONSULTING,
LLC, d/b/a LAVIE CARE CENTERS,
SALUS REHABILITATION, LLC,
d/b/a LAVIE REHAB,

      Defendants.

_____/

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM OF
LAW FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

      Defendants, GENOA HEALTHCARE CONSULTING, LLC, d/b/a LAVIE CARE CENTERS ("LaVie Care") and SALUS REHABILITATION, LLC, d/b/a LAVIE REHAB ("LaVie Rehab") (collectively "LaVie") by and through their undersigned attorney and pursuant to Federal Civil Procedure Rule 7(b), move the Court for a protective order and a stay of discovery until such time as the Court rules on Defendants' Motions to Dismiss and in support state as follows:

      1.      Relator has brought an action against Defendants alleging violations of the False Claims Act and fraud. (Amended Complaint, Dkt 16)

2. The United States of America ("Government") has declined to intervene in these proceedings. (Dkt 10).

3. The Amended Complaint was unsealed after the Government declined to intervene and was served on Defendants.

4. Defendants have filed Motions to Dismiss asserting that Relator's Amended Complaint fails to state a cause of action and fails to plead fraud with particularity as required by Federal Civil Procedure Rule 9(b) ("Rule 9(b)"). (Dkt 19, 20)

5. The Motions to Dismiss are currently pending before this Court and are potentially dispositive motions.

6. Plaintiff, through counsel, served Defendants with its First Request for Production on December 31, 2012.

7. Objections and Responses are due to Plaintiff's First Request for Production on January 30, 2013.

8. In its First Request for Production, Plaintiff seeks essentially three categories of documents: 1) Any Civil Investigative Demand (CID) issued to LaVie by the United States Department of Justice; 2) Any documents produced by LaVie in response to any CID issued by the United States Department of Justice; and 3) Any and all documents describing the business relationship between various entities which may or may not be associated with LaVie.

9. Defendants believe that discovery should not commence until after the Court rules upon the dispositive motions before it and Defendants have filed an Answer.

10. Since the potentially dispositive motions are pending, Defendants respectfully request the Court exercise its discretion to enter a stay of discovery until after it enters a ruling on the Motions to Dismiss. A stay of discovery would preserve judicial resources and prevent the unnecessary expenditure of time and financial resources for all parties.

11. Additionally, Defendants object to the production of the sought after documents on a variety of grounds so additional briefing and resolving of discovery disputes is likely. If a stay is entered, many of these potential issues could spontaneously resolve.

12. Germane to this motion is that the discovery sought by Relator is, of course, an effort to build its case against Defendants. Due to the pending Motions to Dismiss, Defendants seek a stay of discovery in order to permit the Court time to determine whether Relator can meet the basic pleading requirements for the causes of action she seeks to bring.

13. Defendants should not be required to produce voluminous documents which, if the Motions to Dismiss are granted, would only assist Plaintiff in amending her complaint, when otherwise she will likely not be able to meet the specific pleading requirements.

14. Defendants have already spent significant time and resources producing documents in response to the United States Department of Justice's Civil Investigative Demands.

15. The Eleventh Circuit has held that a stay of discovery is appropriate until a motion to dismiss under Rule 9(b) is resolved. Therefore, Defendants request that they be excused from responding to any and all discovery requests until after the Court has ruled on the Motions to Dismiss.

## MEMORANDUM OF LAW

### I. Defendants are Entitled to Protection from Discovery under Rule 9(b) in Insufficiently Pled Fraud Cases

Defendants, LaVie, are involved in the provision of rehabilitation services at and the management of long term care facilities. Relator has brought a six count Amended Complaint alleging violations by Defendants of the Federal False Claims Act and of the Florida False Claims Act. (Dkt. 16). The alleged violations of the False Claims Acts are essentially allegations of fraud. Plaintiff has failed to plea fraud with particularity, and while she asserts she is the "original source" of the information contained in the allegations, there is inadequate specificity in the Amended Complaint to show, even if all the facts alleged were true, that the Plaintiff has sufficiently stated her case.

A complaint filed under the False Claims Act must meet the heightened standard of Rule 9(b). *U.S. ex rel. Grubbs v. Kanneganti*, 565 F. 3d 180, 185 (5th Cir. 2009); *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F. 3d 1301, 1309 (11th Cir. 2002). The purpose of Rule 9(b) is to stand as "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner rather than later." *Id*.

As set forth more fully in the Motions to Dismiss, Relator has failed to adequately state a claim against either Defendant. Defendants share a parent company with Marshall Health and Rehabilitation and Governor's Creek Health and Rehab, the two entities by

4

which Relator was briefly employed during 2011. Discovery at this point in the proceedings could unfairly prejudice Defendants, who are not properly named in this suit, by which Relator was never employed, and about which Relator has no information. The Court has yet to rule on Defendants' Motions to Dismiss and to permit Relator to proceed with discovery would unfairly burden Defendants and potentially provide Relator with the information she would need to amend her complaint, bring a new complaint, or survive a motion to dismiss.

Relator should not be permitted to use early discovery requests to collect information which could potentially assist her in formulating increased specificity of her allegations. *U.S. ex rel. Joshi v. St Luke's Hospital, Inc.*, 441 F. 3d 552 (8th Cir. 2006). The Relator should not be permitted to use discovery to "fill in the blanks" in her Amended Complaint. *Id*. at 559. Defendant has not set forth any specific allegations regarding LaVie Care or LaVie Rehab and should not be permitted to wade through corporate documents in an effort to bolster her allegations. Allegations of fraud must include "facts as to time, place, and substance of the defendant's alleged fraud." *U.S. ex rel Clausen v. Laboratory Corp. of America, Inc*. 290 F. 3d 1301 at 1308. General conclusory allegations of fraud are insufficient. *Id*. While some courts have relaxed the Rule 9(b) specificity requirements when the relevant information is "particularly within the perpetrator's knowledge" such a relaxed standard would be inappropriate in this case. *U.S. ex rel Karvelas v. Melrose-Wakefield Hosp*., 360 F. 3d 220, 229 (1st Cir. 2004). A Relator is not permitted to make general allegations with the hope that details will emerge through discovery. *Id*. at 231. In Relator's Amended Complaint she actually makes no

allegations regarding LaVie Care Centers or LaVie Rehab at all, not even broad or vague general allegations.

Also as more fully set forth in the Motions to Dismiss, the Relator may not use discovery to bring details to the allegations of fraud in the complaint thereby needlessly injuring Defendants' goodwill and reputation. *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F. 3d 1301 at 1313-14 n. 24.

If a Relator cannot adequately establish allegations to survive a motion to dismiss, her allegation that she is an "original source" is also suspect. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552 at 560. She must have "direct and independent knowledge of the information" forming the basis of the allegations. *Id*. As elaborated in the Motions to Dismiss, Relator does not do this and cannot do this. It would be unfairly prejudicial to Defendants to permit Relator access to any corporate documents produced to the United States Department of Justice, in order to possibly permit Relator to bolster her allegations with knowledge to which she is not currently privy. A right of action under the False Claims Act is granted to private citizens only if they have independently obtained knowledge of the fraud. 31 U.S.C. §3730(e)(4). To relax the Rule 9(b) requirement is "a qui tam plaintiff's ticket to the discovery process that the statute itself does not contemplate." *U.S. ex rel. Russell v. Epic Healthcare Management Group*, 193 F. 3d 304, 309 (1999).

## II.   The Court has Discretion to Stay Discovery

A court may issue a protective order "for good cause…to protect a party from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. Civ. Pro.

Rule 26(c). The Eleventh Circuit has held that "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997). If a dispositive motion is filed which could dispose of an entire case, a stay of discovery is appropriate. *Allmond v. City of Jacksonville*, No.3:07-cv-1139, 2008 WL 2704426, *2 (M.D. Fla. July 8, 2008).

The party seeking the stay of discovery must show that that there is good cause for the stay and that the stay would be reasonable. *McCabe v. Foley*, 233 F.R.D 683, 685 (M.D. Fla. 2006). The court should balance the potential harm of the delay in discovery against the probability that the dispositive motion may be granted thereby eliminating the need for discovery. *Id*.

A. *Defendants can Show Good Cause for a Protective Order*

Defendants received Civil Investigative Demands (CIDs) from the United States Department of Justice and have worked diligently and laboriously to produce documents responsive to the CIDs. Such production has involved many person hours while documents have been retrieved from storage, facilities, and computer systems and then sorted and produced to the Government. In addition, the production in response to the CIDs in ongoing and significant additional production is anticipated. The financial and time burden to Defendants has been great and during this gathering and production of over 174,000 preliminary pages, Defendants' employees have continued to focus on the provision of care to the long term care population, which is its primary focus.

The documents produced in response to the CIDs are not the documents which would be appropriate to produce in response to Relator's discovery requests, so Defendants would incur additional expenses in time and effort to cull through what has been produced and determine what is responsive to Relator's requests and additionally spend time and effort in determining if there are additional documents which are responsive.

There is good cause for a stay of discovery at this time, and such stay would benefit all parties and judicial resources. Postponing discovery until after a ruling on the Motions to Dismiss prevents abusive discovery and prevents the expenditure of unnecessary costs if the court ultimately grants the Defendants' Motions to Dismiss. *Chudasama*, 123 F. 3d at 1368. A stay of discovery is thus warranted.

### B. Defendants' Motions to Dismiss are Potentially Dispositive

As set forth exhaustively in Defendants' Motions to Dismiss and also briefly above, the Motions to Dismiss are potentially dispositive and are meritorious. Relator fails to plead fraud by the Defendants with particularity and such failure is fatal under Rule 9(b) and in False Claims Act cases. *U.S. ex rel. Clausen v. Laboratory Corp. of Am. Inc.*, 290 F. 3d 1301, 1311 (11th Cir 2002); *U.S. ex rel. Sanchez v. Lymphatx, Inc*. 596 F 3d 1300, 1302-3 (11th Cir. 2010); *Corsello v. Lincare, Inc*., 428 F.3d 1008, 1012 (11th Cir. 2005).

Even if Defendants' Motions to Dismiss are not dispositive, or if Relator is granted leave to amend, a stay is still appropriate. The legal issues will be known, or at least more clearly defined, after a ruling on Defendants' Motions to Dismiss. The

discovery can then be tailored to the specificity of the complaint as is appropriate in *qui tam* actions. *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc*., No. 8:06-cv-40-T-24MAP, 2008 WL 4057549 (M.D. Fla. Aug. 27, 2008). Discovery at this point in the proceedings would be premature, potentially irrelevant, and be an undue burden on all parties.

### C. Relator will not be Prejudiced

Relator will not be prejudiced by a continued stay of discovery while the Court decides on the Motions to Dismiss. The Case Management and Scheduling Order set the discovery cut off as July 20, 2013, so there is sufficient time in the future for Relator to conduct discovery once the Court rules. In addition, the Court has the power to grant extensions of time and control its own docket. *J.D. Pharm. Distrib., Inc. v. Save-On Drugs and Cosmetics Corp.*, 893 F. 2d 1201, 1209 (11th Cir. 1990). Relator cannot show a need for the requested discovery prior to the Court ruling on Defendants' Motions to Dismiss and if the Court denies the Motions to Dismiss, it can extend the discovery deadlines if necessary.

WHEREFORE, Defendants respectful request that the Court enter an Order Staying Discovery until after the Court rules on Defendants' Motions to Dismiss the Amended Complaint.

### **RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Defendants' counsel conferred with Plaintiff's/Relator's counsel in a good faith effort to resolve the issues raised in this

9

motion. Counsel for the parties were unable to reach an agreement as to the issues raised in this motion.

s/   Anna G. Small
Anna G. Small, Esq.
Florida Bar No. 0017064
ALLEN DELL, P.A.
202 S. Rome Ave., Suite 100
Tampa, FL 33606-1854
Phone:  (813) 223-5351
Fax:  (813 229-6682
asmall@allendell.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/   Anna G. Small
Anna G. Small
