UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* ANGELA RUCKH,

      Plaintiff,

v.                                CASE NO.: 8:11-cv-1303-T-23TBM

GENOA HEALTHCARE, LLC, et al.,

      Defendants.

_____/

## **ORDER**

Arguing that Florida has "remained utterly silent" and failed to consent to the relator's pursing this action, the defendants move (Doc. 120) to dismiss. Florida announces (Doc. 121) "that it decline[s] intervention . . . and . . . allows the Relator to conduct the action." The defendants object (Doc. 122) to the notice, and both Florida and the relator respond (Docs. 125 and 136).

Section 68.083(3), Florida Statutes, states that Florida "may elect to intervene and proceed with the action, on behalf of the state, within 60 days after it receives both the complaint and the material evidence and information." Similarly, Section 68.083(6), Florida Statutes, states:

> Before the expiration of the 60-day period . . . , [Florida] shall:
> (a) Proceed with the action, in which case the action is conducted by the department on behalf of the state; or (b) Notify the court that it declines to take over the action, in which case the person bringing the action has the right to conduct the action.

The parties agree that Florida failed to comply with Section 68.083(6) but dispute the consequence of the failure.  The defendants argue, and the relator and Florida dispute, that Section 68.083(6) is jurisdictional.  No party cites, and a thorough search reveals no, precedent addressing whether Section 68.083(6) is jurisdictional.  However, the relator cites *United States ex rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339 (4th Cir. 1994), which interprets 31 U.S.C. § 3730(b)(4). Functionally identical to Section 68.083(6), Section 3730(b)(4) states:

> Before the expiration of the 60-day period . . . , the Government shall – (A) proceed with the action, in which case the action shall be conducted by the Government; or (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

Finding nothing supporting the defendants' argument in the text, history, or purpose of Section 3730(b)(4), *Siller* "hold[s] that section 3730(b)(4) is not a jurisdictional requirement."  *See also Holland v. Pardee Coal Co.*, 269 F.3d 424, 432 (4th Cir. 2001) (collecting cases and stating that "a recognized canon of construction . . . instructs against treating statutory timing provisions as jurisdictional, unless such a consequence is clearly indicated").

Accordingly, the defendants' objection (Doc. 122) to the notice of intervention is **OVERRULED**, and the motion (Doc. 120) to dismiss is **DENIED AS MOOT**. Under Section 68.084(3), the parties must serve Florida "with copies of all pleadings and motions filed in th[is] action along with copies of all deposition transcripts at [Florida's] expense."  The clerk will send each future order to Florida.  In the

unlikely event that Florida can show "good cause," Florida may move under Section 68.084(3) "to intervene and take over the action on behalf of the state."

ORDERED in Tampa, Florida, on July 23, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE