# EXHIBIT F

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF FLORIDA *ex rel.* ANGELA RUCKH, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 8:11 CV 1303 SDM-TBM |
| CMC II, LLC; SEA CREST HEALTH CARE MANAGEMENT, LLC, d/b/a LAVIE MANAGEMENT SERVICES OF FLORIDA; SALUS REHABILITATION, LLC, d/b/a LAVIE REHAB; 207 MARSHALL DRIVE OPERATIONS, LLC, d/b/a MARSHALL HEALTH AND REHABILITATION CENTER; and 803 OAK STREET OPERATIONS, LLC, d/b/a GOVERNOR'S CREEK HEALTH AND REHABILITATION CENTER, | |
| Defendants. | |

## RELATOR'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Relator Angela Ruckh, by and through her undersigned attorneys, hereby requests that Defendants produce the documents described herein (the "Requests") on or before July 30, 2015.

The Documents covered by the Requests shall be produced to Silvija Strikis, of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., 1615 M Street N.W., Suite 400, Washington, D.C. 20036.

The Definitions and Instructions that appear below form an integral part of the specific Requests and must be read in conjunction with them. It is expected that the Definitions and Instructions set forth herein will be followed in searching for and producing Documents responsive to the specific Requests.

### INSTRUCTIONS AND DEFINITIONS

Relator incorporates by reference the Definitions from her previous Sets of Requests for Production. In addition, the following definitions are applicable to terms employed in these Requests:

**A.   Definitions**

The following definitions are applicable to terms employed in these Requests:

1. "Sampled Patients" refers to the patients selected for sampling.

2. "Rounding Physicians" means physicians or other medical professionals in a position to refer patients to Defendants' facilities or to provide care to patients at Defendants' facilities.

3.

**B.   Instructions**

Relator incorporates by reference the Instructions from her previous Sets of Requests for Production. In addition, the following instructions are applicable to these Requests:

1. These discovery requests are continuing. All requests for the production of documents shall be construed to include all documents created up until the date of production(s) and any additional documents responsive to these requests which are discovered, acquired, created, or generated after the date of production(s). Therefore, Defendants shall promptly produce to Relator, as supplemental responses to these requests, any additional documents or things that Defendants identify, acquire, or become aware of up to and including the time of trial.

2. All documents should be produced in the order in which they appear in Your files, organized by source, and should contain a clear indication of where each document ends and the next begins. Documents which are found in boxes, file folders, bindings, or other containers are to be left intact as kept. If the back or reverse side of a Document bears any printing, writing, or other markings, both sides of the Document must be produced. Documents maintained in a file folder or binding should be preceded by the file folder or binding label, if one exists, and should contain a clear indication of where the file folder or binding begins and ends. All attachments to a document should be produced with the document. A unique control number should be affixed to each page. Computer files (including backup files), electronic mail messages, and other documents maintained in electronic form should be produced in machine-readable electronic form.

3. Defendants are requested to produce documents in the native electronic file format as the documents are kept in the ordinary course of business. For example, Defendants may produce email in the PST, NSF, or MSG file format. If any documents are produced in a format that is not readily accessible by standard available computer programs, Defendants are instructed to provide a copy of or access to the computer software necessary to access all information contained in the related documents, in the same format and presentation as the documents are used in the ordinary course of business.

4. Defendants are requested to provide any necessary passwords or decryption for documents that are password-protected or encrypted.

5. In the event Defendants claim that a Request is overly broad, unduly burdensome, irrelevant, or otherwise objectionable, Defendants shall respond to that portion of the Request which is unobjectionable and shall specifically identify the respect in which the Request is

allegedly overly broad, unduly burdensome, irrelevant, or otherwise objectionable. This Instruction applies not only to objections to the Requests as such but also to the Instructions and Definitions relating to them.

6.   If You contend that You are entitled to withhold any requested document on the basis of any privilege or other ground, You are requested to produce the non-privileged portions and to provide separately a privilege log consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5) that:

   a.   describes the nature of the document, i.e., whether it is an email, memorandum, report, etc.;

   b.   states the dates covered by the document;

   c.   identifies the person or persons having possession, custody, or control of the document;

   d.   identifies the persons with knowledge of the information, including any person who received, edited, revised, or amended the document. This includes any individuals known to You as an intended or unintended recipient of the document;

   e.   describes the subject matter of the document with sufficient detail to enable Relator, or the Court if necessary, to determine whether the document was appropriately designated as privileged; and

   f.   states the basis upon which You contend that You are entitled to withhold the document from discovery.

7.   If You redact privileged portions of any document, You are requested to produce a PDF image representation of the redacted document, and extracted text after redaction.

8. Defendants are instructed to maintain all privileged documents in native format.

9. Except where otherwise indicated, responses to the Requests contained herein are to cover the period from June 1, 2005 through the present, and are to be updated through the date of any hearing or trial ("Relevant Period").

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 21**

All Documents referencing or relating to any of the Sample Patients, including any medical records, correspondence, MDS assessments, and documentation of any Claim made to any Government Health Agency (including, but not limited to, any Forms UB-04), to the extent any such Documents were not previously produced in this action.

**DOCUMENT REQUEST NO. 22**

All Documents removed from any medical records previously produced in this Action, including but not limited to medical records relating to any of the Sample Patients.

**DOCUMENT REQUEST NO. 23**

All Documents relating to Defendants' relationships with Rounding Physicians, including contact with any such physicians and provision of value to any such physicians or their staff or affiliated hospitals or other institutions.

**DOCUMENT REQUEST NO. 24**

All Documents relating to calls to the Lavie Compliance Hotline, including any logs of such calls.

**DOCUMENT REQUEST NO. 25**

All Documents relating to any reviews or audits undertaken by Defendants relating to missing or incomplete medical records or patient records, including but not limited to, all Documents relating to any review or audit of the Sample Patients' records or claims.

**DOCUMENT REQUEST NO. 26**

All documents relating to any reviews or audits undertaken by Defendants relating to therapy minutes provided to patients, including but not limited to hospice patients.

**DOCUMENT REQUEST NO. 27**

All Documents relating to any reviews or audits undertaken by Defendants relating to the provision of unnecessary, unprescribed, or unauthorized medication to any patients, including all Documents showing Defendants' compliance with requirements that medications be reviewed regularly and use of medications be accurately reported.

**DOCUMENT REQUEST NO. 28**

All Documents relating to any reviews or audits undertaken by Defendants relating to the imposition of unauthorized, unassessed, or unnecessary restraints upon any patient, including all Documents showing Defendants' compliance with requirements that restraints be reviewed regularly and the use of restraints be accurately reported.

**DOCUMENT REQUEST NO. 29**

All Documents relating to any compensation or bonus plan offered to Defendants' employees based on the financial performance of any of Defendants' facilities, whether measured based on net profits, RUG scores, patient mix, therapy minutes, or any other metric.

**DOCUMENT REQUEST NO. 30**

All Documents relating to policies, reviews, certifications or verifications of the signature of physicians on medical or treatment records of patients at Defendants' facilities, including all Signature Verification/Attestation Forms.

**DOCUMENT REQUEST NO. 31**

All Documents constituting or referencing any of the following:

    a. RUG Analyses, including Medicare RUG Analyses;

    b. RUG Utilization Tools;

    c. RUG Utilization Reports, or "RURs";

    d. Facility RUG Percentages reviews;

    e. Review or analysis of Required RUGs or RUG percentages;

    f. Orange RUG Sheets;

    g. Employee productivity analyses;

    h. Plans, desires, or need to Flip Mix;

    i. The 8-minute rule regarding therapy, including the 8-minute rule quiz;

    j. Super Six Operations review;

    k. Lavie Benchmarks for ADL scores;

    l. Clinical Reimbursement Quality Improvement Action Plans;

    m. Utilization and Ancillary Management Scorecards;

    n. Facility Focus Visit Reports;

    o. Regional Compliance Reviews;

    p. Planning of limiting discharge of patients, or extending the stay of patients, in order to avoid the financial effect of discharging patients;

q. Reviews or analyses of pharmacy or medication revenue sources;

r. Four point action plans;

s. Discussion of issues with passwords relating to submission of Claims or completion of related documents;

t. Read and write access to AHT, LTC, or other databases including patient or Claims information;

u. Universal passwords for access to AHT, LTC, or other databases including patient or Claims information;

v. Part A Revenue Reports;

w. Care Plan Status Reports;

x. P&L Weekly Trend Reports;

y. Payer Analyses, including any graphs;

z. Reports of missing Hydrocodone;

aa. Planned PPS Minute Thresholds;

bb. Operational standards relating to RUGs, therapies, and/or reimbursements;

cc. Action Plans;

dd. Minutes, notes, agendas, or other documentation of weekly census calls;

ee. Census Report Summaries;

ff. Monday Reports;

gg. Operations (or "Ops") Reports and plans;

hh. Reimbursement meeting minutes, agendas, and notes;

ii. Medicare Days Reports;

jj. Productivity formulas;

    kk.    Patient holds;

    ll.    Upper 9 tracking forms;

    mm.    Weight Review audits;

    nn.    QI and QM reports;

    oo.    TSI reports;

    pp.    CPT Utilization Reports;

    qq.    Pilot/Pilot Tracking Reports; and

    rr.    DOR Operational Reports.

**DOCUMENT REQUEST NO. 32**

All Documents regarding Lavie's Survivor Census Challenge, including but not limited to:

    a.    all Documents sufficient to identify the recipients of anything of value in the Survivor Census Challenge and what items of value were received, including anything received by Survivor Census Challenge winners as well as any of their guests or families;

    b.    all Documents sufficient to compute the total cost of the Survivor Census Challenge;

    c.    all Documents sufficient to show how the accounting for costs and expenses related to the Survivor Census Challenge were recorded, including where related expenses were recorded and how such expenses were reported on cost reports submitted to government agencies;

    d.    all Documents sufficient to show how the provision of anything of value in the Survivor Census Challenge was reported for purposes of employment taxes (including any related W-2 or 1099 forms);

    e.    all daily census computations and reports used for any purpose in the Survivor Census Challenge;

    f.    all Survivor Census Challenge updates;

    g.    all Documents about the creation and implementation of the Survivor Census Challenge; and

    h.    all Documents reflecting any computations or analyses related to the Survivor Census Challenge.

**DOCUMENT REQUEST NO. 33**

All Documents regarding Lavie's Survivor Boot Camp, including but not limited to:

    a.    all Documents sufficient to identify the recipients of anything of value in the Survivor Boot Camp and what items of value were received, including anything received by Survivor Boot Camp winners as well as any of their guests or families;

    b.    all Documents sufficient to compute the total cost of the Survivor Boot Camp;

    c.    all Documents sufficient to show how the accounting for costs and expenses related to the Survivor Boot Camp were recorded, including where related expenses were recorded and how such expenses were reported on cost reports submitted to government agencies;

    d.    all Documents sufficient to show how the provision of anything of value in the Survivor Boot Camp was reported for purposes of employment taxes (including any related W-2 or 1099 forms);

    e.    all daily census computations and reports used for any purpose in the Survivor Boot Camp;

    f.       all Survivor Boot Camp updates;

    g.       all Documents about the creation and implementation of the Survivor Boot Camp; and

    h.       all Documents reflecting any computations or analyses related to the Survivor Boot Camp.

## DOCUMENT REQUEST NO. 34

All documents regarding Lavie's 2011 Summer Census Challenge, or any other census challenge, including but not limited to:

    a.       all Documents sufficient to identify the recipients of anything of value in the Summer Census Challenge, or any other census challenge, and what items of value were received, including anything received by Summer Census Challenge, or any other census challenge, winners as well as any of their guests or families;

    b.       all Documents sufficient to compute the total cost of the Summer Census Challenge, or any other census challenge;

    c.       all Documents sufficient to show how the accounting for costs and expenses related to the Summer Census Challenge, or any other census challenge, were recorded, including where related expenses were recorded and how such expenses were reported on cost reports submitted to government agencies;

    d.       all Documents sufficient to show how the provision of anything of value in the Summer Census Challenge, or any other census challenge, was reported for purposes of employment taxes (including any related W-2 or 1099 forms);

    e.       all daily census computations and reports used for any purpose in the Summer Census Challenge, or any other census challenge,;

  f. all Summer Census Challenge, or any other census challenge, updates;

  g. all Documents about the creation and implementation of the Summer Census Challenge, or any other census challenge; and

  h. all Documents reflecting any computations or analyses related to the Summer Census Challenge, or any other census challenge.

**DOCUMENT REQUEST NO. 35**

All Documents or other tangible things that You intend to present in any pleading, hearing, or trial in this action or on which You otherwise intend to rely in this action.

Dated: June 30, 2015         Respectfully submitted,

                       s/ *Silvija A. Strikis*

| | |
|---|---|
| Kevin J. Darken (FL. Bar No. 0090956) | Silvija A. Strikis (*pro hac vice*) |
| THE COHEN LAW GROUP | Joseph S. Hall (*pro hac vice*) |
| 201 East Kennedy Boulevard, Suite 1950 | John B. Ward (*pro hac vice*) |
| Tampa, Florida 33602 | KELLOGG, HUBER, HANSEN, TODD, |
| Telephone: (813) 225-1655 |  EVANS & FIGEL, P.L.L.C. |
| Facsimile: (813) 225-1921 | 1615 M Street, N.W., Suite 400 |
| kdarken@tampalawfirm.com | Washington, D.C. 20036 |
| | Telephone: (202) 326-7900 |
| | Facsimile: (202) 326-7999 |
| | sstrikis@khhte.com |
| | jhall@khhte.com |
| | jward@khhte.com |
| | |
| Rory Delaney (*pro hac vice*) | Charles F. Kester (*pro hac vice*) |
| DELANEY KESTER LLP | DELANEY KESTER LLP |
| 7 Liberty Square, 2nd Floor, | 4505 Las Virgenes Road, Suite 203 |
| Boston, MA 02109 | Calabasas, CA 91302 |
| Telephone: (857) 498-0384 | Telephone: (818) 974-8627 |
| royston@delaneykester.com | Facsimile: (818) 914-6911 |
| | charles@delaneykester.com |

*Counsel for Relator*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 30th day of June 2015, I served a copy of the foregoing document to the following counsel of record via fax, first-class mail (postage prepaid), by hand, and electronic mail:

s/ *Silvija A. Strikis*____

Tina Dunsford
Scott Lilly
FLORIDA HEALTH LAW CENTER
TAMPA, PL
501 E. Kennedy Blvd., Suite 775
Tampa, FL 33602
Phone: (813) 517-1661
Fax: (813) 517-1668
Primary Email: slilly@flhealthlaw.com
Primary Email: tdunsford@flhealthlaw.com
(Counsel of Record)