# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE UNITED STATES OF AMERICA and
THE STATE OF FLORIDA *ex rel.*
ANGELA RUCKH,

      Plaintiffs,

          v.

CMC II, LLC; SEA CREST HEALTH
CARE MANAGEMENT, LLC, d/b/a
LAVIE MANAGEMENT SERVICES OF
FLORIDA; SALUS REHABILITATION,
LLC, d/b/a LAVIE REHAB; 207
MARSHALL DRIVE OPERATIONS, LLC,
d/b/a MARSHALL HEALTH AND
REHABILITATION CENTER; 803 OAK
STREET OPERATIONS, LLC, d/b/a
GOVERNOR'S CREEK HEALTH AND
REHABILITATION CENTER,

      Defendants.

CIVIL ACTION NO.
8:11 CV 1303 SDM-TBM

## RELATOR'S SECOND FURTHER SUPPLEMENT TO
## MOTION TO PRECLUDE DEEFENDANTS' USE OF UNTIMELY PRODUCED
## DOCUMENTS AND FOR SANCTIONS (Dkt No. 264)

_____

Relator Angela Ruckh, by and through her attorneys, respectfully submits this Further

Supplement to Motion To Preclude Defendants' Use of Untimely Produced Documents and

For Sanctions.  In an off-the-record colloquy at the hearing conducted this morning (April 21,

2016), the Court suggested it was concerned about instructing the jury that the late-produced

Minimum Data Set Assessments do not exist, when Defendants claim that they do.  As set

forth in her previous submissions, Relator continues to believe that the most appropriate sanction is to preclude Defendants from using those documents at trial and to impose the additional sanctions Relator has requested.

However, if the Court declines to preclude Defendants' use of the documents, Relator respectfully suggests a possible alternative form of relief that would impose meaningful sanctions for Defendants' clear discovery misconduct, while also avoiding the prejudice that would be caused by requiring additional expert discovery and postponing the currently scheduled May 16, 2016 trial date.  Specifically, Relator suggests that Defendants should be allowed to use the late-produced documents only subject to the following restrictions:

(a)     The Court should impose a presumption that any of the claims for reimbursement associated with the late-produced documents shall be presumed false or fraudulent, and that Defendants bear the burden of overcoming that presumption by a preponderance of the evidence;

(b)     The Court should instruct the jury at trial that Defendants abused the Court's discovery processes by producing documents months after the discovery deadline and by falsely stating to Relator that they had produced all of the requested documents, and that this discovery misconduct has resulted in the Court's imposition of sanctions on Defendants;

(c)     The Court should impose on Defendants the burden of establishing at trial that the late-produced documents are authentic and genuine, including establishing (i) who created those documents; (ii) when the documents were created; and (iii) when and by whom any Minimum Data Set Assessments included in the documents were signed and transmitted to any government agency.  Relator should be permitted to depose any witness(es)

Defendants intend to present at trial regarding these matters at least seven days in advance of their presentation at trial; and

(d)     The Court should permit Relator's experts to provide supplemental opinions at trial as needed to address any testimony or arguments offered by Defendants based on the late-produced documents, without need for any supplemental expert report or deposition.

* * * *

Relator respectfully submits that this proposal appropriately resolves any concerns the Court may have with precluding Defendants' use of the late-produced documents altogether, while avoiding the significant prejudice that would be imposed on Relator if she is required to conduct further expert analyses of the late-produced documents, supplemental expert reports, additional expert depositions, and related briefing.  Relator requests that the Court maintain the trial date of May 16, 2016, if it grants the foregoing relief.

Dated: April 21, 2016                          Respectfully submitted,

                                               *s/ Silvija A. Strikis*
                                               _____

Kevin J. Darken (FL. Bar No. 0090956)          Silvija A. Strikis (*pro hac vice*)
THE COHEN LAW GROUP                            Joseph S. Hall (*pro hac vice*)
201 East Kennedy Boulevard, Suite 1950         Rebecca A. Beynon (*pro hac vice*)
Tampa, FL 33602                                Bradley E. Oppenheimer (*pro hac vice*)
Telephone: (813) 225-1655                      Jeffrey A. Love (*pro hac vice*)[*]
Facsimile: (813) 225-1921                      KELLOGG, HUBER, HANSEN, TODD,
kdarken@tampalawfirm.com                          EVANS & FIGEL, P.L.L.C.
                                               1615 M Street, N.W., Suite 400
                                               Washington, DC 20036
                                               Telephone:  (202) 326-7900
                                               Facsimile:  (202) 326-7999
                                               sstrikis@khhte.com
                                               jhall@khhte.com
                                               rbeynon@khhte.com
                                               boppenheimer@khhte.com
                                               jlove@khhte.com

Rory Delaney (*pro hac vice*)                  Charles F. Kester (*pro hac vice*)
DELANEY KESTER LLP                             DELANEY KESTER LLP
745 Atlantic Avenue, 8th Floor                 4505 Las Virgenes Road, Suite 203
Boston, MA 02111                               Calabasas, CA  91302
Telephone:  (857) 498-0384                     Telephone:  (818) 974-8627
royston@delaneykester.com                      Facsimile:  (818) 914-6911
                                               charles@delaneykester.com

                         *Counsel for Relator*

---

[*] Not admitted in the District of Columbia.  Practice supervised by members of the firm.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for Defendants.

<u>s/  Silvija A. Strikis</u>