# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE UNITED STATES OF AMERICA
and THE STATE OF FLORIDA *ex rel.*
ANGELA RUCKH,

    Plaintiffs,

        v.

CMC II, LLC *et al.*,

    Defendants.

CIVIL ACTION NO.
8:11 CV 1303 SDM-TBM

## DEFENDANTS' OPPOSITION TO RELATOR'S SECOND FURTHER SUPPLEMENT TO MOTION TO PRECLUDE

Defendants respectfully submit this Opposition to Relator's Second Further Supplement to Motion to Preclude Defendants' Use of Untimely Produced Documents and for Sanctions. This is Relator's *third* supplement to her Motion to Preclude the admission of highly relevant documents in this case. *See* ECF Nos. 266 and 272. The proposals that Relator suggest are not a fair way to resolve this dispute. They should be rejected by the Court.

The starting point for Relator's latest brief is her repeated and inaccurate claim of "Defendants' clear discovery misconduct." Brief at 2. The facts do not support that characterization. Relator continues to ignore the fact that the protocol for the sampling and review of the 1.1 million pages of medical records that Defendants produced, which was designed *by her statistical expert*, was that 200 residents' files designated as replacement files were to be utilized because her expert recognized that

> [i]t is possible that the defendants will be unable to produce some of the documentation relating to the sampled 600 resident-days because it has been lost, misplaced, rendered

> illegible, or destroyed. In case this occurs, I also drew a Replacement sample of 100 Medicare and 100 Medicaid resident-days.

Expert Report on Sample Selection and Estimation Method by Constantijn Panis, submitted as Exhibit A to Relator's Motion in Limine to Admit Expert Statistical Sampling Testimony (ECF No. 172 and 172-1, filed 2/20/2015, at ¶35). It is clear that when Relator proposed, and the Court approved, the sampling methodology, the protocol was to use replacement files when "documentation" – and not just an entire file-- was "lost, misplaced, rendered illegible, or destroyed." Defendants then undertook the considerable expense of producing the 600 resident files *and* the extra 200 replacement files, believing that the protocol described to the Court would be followed.

However, Relator made the strategic decision to ignore this protocol when documentation was missing. Her file reviewer, Ms. Bradley, seized on every instance of "lost, misplaced, rendered illegible or destroyed" documentation as proof of a false claim and Relator has calculated enormous damages accordingly. Relator disclosed this change in the prescribed protocol in her expert reports in December 2015, claiming, for the first time in this case, that lack of an MDS assessment or other document in the resident file constituted a false claim. It was that newly-minted claim based on missing documentation that led Defendants to search for the electronic versions of the MDS assessments. After locating them, Defendants promptly produced them on January 22, 2016, three months ago, and before their experts produced their expert rebuttal reports.

In the three months since she has had the MDS assessments, Relator has had ample opportunity to have her experts review them and supplement their reports if needed. Indeed, since she has produced her expert reports, Relator has supplemented several of them based on errors Defendants established in deposition, including the alleged overpayment calculations

performed by her CPA, Mr. Vianello, and the extrapolation performed by her statistical expert, Dr. Panis.  Bur Relator has apparently made no effort to have her experts evaluate the MDS assessments, preferring instead to have the issue but not the solution.  Relator's decision not to undertake the additional expert analysis she now says is required was a strategic one that does not justify the extreme relief she now asks this Court to impose.  Relator's Motion to Preclude should be denied.

**First**, Relator asks this Court to find Defendants liable under the False Claims Act for claims that are not alleged in her complaint, and shift the evidentiary burden to Defendants to rebut that liability.[1]  The purpose of the trial in this case, where Relator seeks hundreds of millions of dollars in damages, is to require Relator to prove that specific claims submitted to the government for payment were knowingly false.  Relator's proposed *presumption* of a false claim would be based on several falsehoods: (1) that missing documentation in a file establishes a false claim;[2] and (2) that the MDS for the 91 residents for the selected day are missing when in fact they are not because (a) the electronic version has been produced, and (b) there is other documentation in the file establishing the existence of an MDS assessment, including the actual claim form (the UB-04 form) that requires the completion of an MDS before payment can be made.  It would be highly improper to proceed to trial under such a false presumption.  In essence, Relator asks the Court to impose a presumption that she cannot prove at trial based on the facts and the law.

---

[1] We invite the Court to review specifically the paragraphs in the Complaint that Relator cited as support for her assertion, at oral argument, that her claim that MDS assessments were not done or are missing is in the Complaint. In plain English, none of the paragraphs come close to pleading such a cause of action consistent with this Circuit's law. *See e.g., United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301 (11th Cir. 2002), and its progeny.

[2] See authorities discussed in Defendants' Opposition to Relator's Motion to Preclude and for Sanctions, at 12-13 (ECF No. 267, filed 2/11/16).

**Second,** Relator asks this Court to instruct the jury that Defendants abused the discovery process and made a false statement to Relator that they had produced all requested documents. As an initial matter, there is no evidence that Defendants exercised any bad faith in their production of the voluminous medical records and therefore there is no evidence that Defendants abused the Court's discovery process. On the contrary, Defendants had a good faith belief that they had, indeed, produced all responsive documents by the close of fact discovery. As Defendants have established, their production of the 1.1 million pages of medical records was in accordance with industry standards whereby Skilled Nursing Facilities respond to audit requests by producing the paper copy of the resident file that is maintained at the facility. *See* Declaration of R. D. Thomas, filed as Exhibit A to Defendants' Opposition to Relator's Motion to Preclude and for Sanctions (ECF No. 267, filed 2/11/16). Relator has not disputed Mr. Thomas's description of the industry standard. It is clear that mandating a document-by-document pre-production audit of 1.1 million pages of medical records is far beyond the reasonableness standard of the Federal Rules of Civil Procedure, and if imposed on healthcare entities as part of a large-scale medical record production, would impose severe financial hardship even before discovery can be completed, or would compel them to settle meritless claims to avoid the expense.

It was not until Relator revised her damages theory on December 11, 2015 that Defendants became aware that a small number of documents were missing from certain resident medical records. Under their Rule 26 obligations, Defendants promptly searched for the missing documents and produced them to Relator without delay. *Id.* For the same reasons, Defendants did not make a false statement of any kind to Relator, but rather communicated their good faith belief that the documents had been produced. Relator's request for a jury instruction stating just

4

the opposite is contrary to law. *See, e.g.*, *United States v. Turner*, 871 F.2d 1574, 1578 (11th Cir. 1989) (while a district court has broad discretion in formulating a jury charge, it must "accurately reflect[ ] the law and the facts"). A jury instruction is not the proper vehicle to resolve this discovery dispute—especially an unbalanced instruction that omits material facts, such as the Relator's failure to utilize the replacement protocol and her assertion of a new claim regarding the MDS that is not found in her complaint. Relator's strategic decision to disregard the prescribed protocol for addressing missing documentation should not be rewarded with the highly prejudicial jury instruction she requests.

**Third**, Relator asks the Court to require Defendants to authenticate the documents they introduce into evidence. Defendants are prepared to produce a custodian of records who can explain what the electronic version of the MDS assessments are and how they are maintained in the ordinary course of business. Defendants have no objection to Relator taking the deposition of that witness between now and the start of trial. Relator has already taken the deposition of Defendants' expert Peter Dressel of FTI, who explained in response to Relator's questions how his team was granted access to the electronic database and was able to locate the MDS assessments for the 91 residents. If Relator has any additional questions of Mr. Dressel on this topic, Defendants have no objection to them re-opening his deposition for that purpose.

**Finally**, Relator asks the Court to permit her experts to provide opinions on the fly during trial without subjecting them to any of the scrutiny required by Federal Rule of Evidence 702. The parties have agreed that the Federal Rules of Evidence, including Rule 702, apply to this case. *See* ECF No. 300. Nevertheless, Relator is now attempting to circumvent those rules, as well as the gatekeeping function of the Court under *Daubert* and its progeny, to provide new and unknown expert opinions. As the Court is aware, Defendants have never objected to Relator's

5

experts supplementing their reports to include analysis of the documents Relator now seeks to preclude. *See, e.g.*, ECF No. 267 at 5. Relator has declined to do so. However, Relator should not be permitted to present surprise expert opinions to the jury at the same time they are provided to Defendants and the Court during trial. Doing so would fly in the face of the very protections that apply to proffered expert testimony. Relator's attempt to undermine the function of the Rules of Evidence and the Court's gatekeeping function under *Daubert* in this way should be rejected.

\* \* \* \* \*

Relator's proposal that the Court impose four extreme and inappropriate "remedies" on Defendants to address alleged prejudice arising from having to conduct further expert analysis that could have been conducted long before now is unfounded, and her Motion to Preclude should be denied.

April 22, 2016                                             Respectfully submitted,

                                                           */s/ Robert S. Salcido*
                                                           Robert S. Salcido (pro hac vice)
                                                           rsalcido@akingump.com
                                                           Terence J. Lynam (pro hac vice)
                                                           tlynam@akingump.com
                                                           AKIN GUMP STRAUSS HAUER & FELD LLP
                                                           1333 New Hampshire Avenue, NW
                                                           Washington, DC 20036
                                                           Telephone: (202) 887-4000
                                                           Facsimile: (202) 887-4288

                                                           Tina Dunsford (Florida Bar No. 624721)
                                                           tdunsford@flhealthlaw.com
                                                           100 S Ashley Drive, Suite 600
                                                           Tampa, Florida 33602
                                                           Telephone: (813) 517-1661
                                                           Facsimile: (813) 517-1668

                                                           *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on April 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for Plaintiffs.

                                      */s/ Terence J. Lynam*
                                      **Terence J. Lynam**

                                      *Attorney for Defendants*