UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


THE UNITED STATES OF AMERICA
and THE STATE OF FLORIDA *ex rel.*
ANGELA RUCKH,

       Plaintiffs,

v.                                CASE NO. 8:11-cv-1303-T-23TBM

CMC II LLC, et al.,

       Defendants.

_____/


## ORDER ON A MOTION TO EXCLUDE THE TESTIMONY OF CONSTANTIJN PANIS

    Moving (Doc. 282) to exclude the proposed testimony by Constantijn Panis

on statistical sampling and damages, the defendants attack the replicability, the

representativeness, the margin of error, and the other salient attributes of Panis's

study. The relator responds (Doc. 318) to the defendants' motion.

    A careful and extended review of the defendants' motion, the relator's

response, Panis's study, Boedeker's critique, and other pertinent matters reveals that

the defendants' objections to admissibility are either unpersuasive or are more

properly directed to the weight assigned to Panis's opinions by the finder-of-fact than

to the admissibility of Panis's opinions. Perhaps most centrally, a comparatively

small sample size typically is not dispositive in excluding expert opinion otherwise formulated in accord with established principles and techniques.[1] Also, the margin of error in Panis's study is within (but presses against) permissible bounds.[2]

The defendants' motion (Doc. 282) is **DENIED**. Assuming the establishment of a proper evidentiary predicate, Panis's testimony is admissible over the objections raised in the defendant's motion.

ORDERED in Tampa, Florida, on December 29, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] *See United States v. Bonds*, 12 F.3d 540, 560 (6th Cir. 1993) (Batchelder, J.) (reasoning that deficiencies in the calculation of the rate of error bear negatively on the admissibility of the testimony, but that rate of error is only one factor among many); *Fed. Hous. Fin. Agency v. JPMorgan Chase*, 2012 WL 6000885, at *9 (S.D.N.Y Dec. 3, 2012) (Cote, J.) (reasoning that choosing a method that results in a greater margin of error fails to affect the admissibility); *Stone v. Advance Am.*, 278 F.R.D. 562, 568 (S.D. Cal. 2011) (Battaglia, J.) (reasoning that the criticism that the margin of error (18%) was too large goes to the weight of the evidence not the admissibility); *U.S. ex rel. Loughren v. UnumProvident*, 604 F. Supp. 2d 259, 269 (D. Mass. 2009) (Saris, J.) (noting that the "extremely wide confidence interval" "leaves the Court's confidence in the reliability of [the] result[s] shaken," but not necessarily considering the issue dispositive); *U.S. Info. Sys. Inc. V. IBEW Loc. Union No.3*, 313 F. Supp. 2d 213, 232 (S.D.N.Y 2004) (Francis, J.) ("[S]mall sample size goes to the weight rather than the reliability (and admissibility) of a study.").

[2] *See U.S. ex rel. Martin v. Life Care Ctrs. Of Am., Inc.*, 2014 WL 4816006, at *16-17 (E.D. Tenn. Sept. 29, 2014) (Mattice, J.) (reasoning that a likely 25% margin of error was sufficiently reliable); *Fed. Hous. Fin. Agency*, 2012 WL 6000885 at *9 (reasoning that choosing a method that results in a greater margin of error (10% combined and 18.4%, 14.3%, and 19.2% individually) fails to affect admissibility); *Stone*, 278 F.R.D. at 568 (reasoning that the criticism that the margin of error (18%) was too wide goes to weight of the evidence, not the admissibility).