UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF AMERICA
and THE STATE OF FLORIDA *ex rel.*
ANGELA RUCKH,

    Plaintiffs,

v.                                          CASE NO. 8:11-cv-1303-T-23TBM

CMC II LLC, et al.,

    Defendants.
_____/

## ORDER ON A MOTION TO EXCLUDE CERTAIN TESTIMONY OF STEFAN BOEDEKER

    The defendants retained Stefan Boedeker to review and opine on Dr. Constantijn Panis's expert report, which explains Dr. Panis's sampling plan and undertakes to estimate the aggregate alleged overpayment to the defendants by Medicare and Florida Medicaid. (*See* Doc. 300 at 13) The relator moves (Doc. 299) "partially to exclude [Boedeker's] opinions and testimony."

    The relator states that this "Court should reject" statements in Boedeker's expert report that Dr. Panis's sampling plan is invalid or "*per se* insufficient to assess liability and damages under the False Claims act." (Doc. 299 at 11–14, 18–19) However, the relator mischaracterizes Boedeker's report. A review of the contested

parts of Boedeker's report reveals no instance in which Boedeker opines that Dr. Panis's sampling plan is either entirely invalid due to statistical method or insufficient as a matter of law or both. Instead, Boedeker criticizes Dr. Panis's sampling plan as imprecise because Dr. Panis chooses not to stratify the sampling frame by facility and because some of the defendants' facilities are either over- or under-represented or unrepresented in the sample. (Doc. 299-1 at 17–23) These criticisms are supported by citations to established analytical methods and likely will assist the jury's understanding and evaluating the evidence.

The relator argues that this "Court should exclude Mr. Boedeker's testimony regarding the evidence required to identify a corporate-wide scheme." (Doc. 299 at 14–18) In his expert report, Boedeker repeatedly opines that Dr. Panis's sampling plan fails to prove or to "provide evidence of a corporate-wide scheme" by the defendants to defraud Medicare and Florida Medicaid. (*See, e.g.*, Doc. 299-1 at 17) Boedeker's "Opinion 1" is "Relator's sampling plan assumes the existence of a corporate-wide scheme rather than proving it."

But Panis's opinion is not designed to prove a corporate-wide scheme and cannot do so (as Boedeker says, but not because Boedeker says). Panis's opinion, based in part on premises expounded by others and on evidence adduced elsewhere, estimates through statistical sampling the probability of a stated range of aggregate overbilling. Although a proper evidentiary foundation must precede the opinion,

Panis's testimony is not disqualified because the opinion itself omits to prove independently (or assumes or accepts as proven) every premise necessary to maintenance of the opinion.

The relator's motion (Doc. 299) "partially to exclude [Boedeker's] opinions and testimony" is **GRANTED–IN–PART**. Boedeker may not testify that Dr. Panis's sampling plan fails to prove or "provide evidence of a corporate-wide scheme" by the defendants to defraud Medicare and Florida Medicaid. Stated differently, Panis's opinion is offered as evidence of damages and not as evidence of liability, an opinion about damages can proceed from a premise that is evidenced elsewhere in the record and that is necessary to completion of the proffered opinion. Otherwise, the motion (Doc. 299) is **DENIED**.

ORDERED in Tampa, Florida, on December 29, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE