UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES and
STATE OF FLORIDA *ex rel.*
ANGELA RUCKH,

    Plaintiffs,

v.                                                CASE NO. 8:11-cv-1303-T-23CPT

SALUS REHABILITATION, LLC, et al.,

    Defendants.
_____/

## **ORDER**

The defendants move (Doc. 474) to tax $156,630.22 in costs for transcripts and printing. Objecting, the relator correctly observes (Doc. 479) that several of the requested costs appear unnecessary or inadequately documented.

### 1. Transcript costs

First, the defendants move to tax $48,029.14 in "deposition-related costs." (Doc. 474-2) A party cannot recover a transcript cost if the cost "w[as] merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). Because a "travel" or "condensed" transcript is convenient but unnecessary, the defendants cannot recover the cost of the condensed transcripts. Similarly, the defendants cannot recover the cost of a digital transcript or the "rough ASCII" (that

is, the uncertified rough draft provided by the reporter soon after the deposition). *See, e.g.*, *George v. Fl. Dep't of Corrections*, 2008 WL 2571348 at *5–*6 (S.D. Fla. May 23, 2008) (Rosenbaum, J.). Also, in this instance the defendants cannot recovery the cost of expediting a transcript, a "handling fee," or a "shipping fee." *See, e.g.*, *GEICO Gen. Ins. Co. v. Gould*, 2015 WL 12838847 at *3–*4 (M.D. Fla. Feb. 13, 2015) (McCoun, J.). Finally, several of the invoices include an "app fee," but the defendants fail to show the necessity of the fee.

Also, the invoices show unreasonably expensive charges for copying. The defendants, which paid $1.95 for each color copy, fail to show the necessity of color copying. Additionally, the defendants paid $0.50 or more for each black-and-white copy, a sum that exceeds the reasonable cost of copying. The defendants can tax $0.15 per copy for the copies. *See, e.g.*, *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708 at *5 (S.D. Fla. Dec. 22, 2010) (taxing copies at fifteen cents per page); *Perkins v. Tolen*, 2012 WL 3244512 at *3 (M.D. Fla. July 13, 2012) (taxing copies at fifteen cents per page). As shown in the appendix to this order, the defendants can recover $29,761.90 in deposition costs.

**2. Cost of daily trial transcription**

The defendants deposited with the court reporter $50,000 for daily transcription of the four-week trial, and the cost of the daily transcription exhausted the deposit. Although unnecessary in the typical action, the cost of daily transcription is taxable in an action of unusual length or complexity. *Maris Dist. Co.*

*v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225–26 (11th Cir. 2002). During the four-week trial of this action, the parties called nearly two-dozen witnesses and introduced several thousand pages of exhibits. *Escobar*'s reminder about the "rigorous" materiality requirement required careful attention to the testimony of Ruckh, Bradley, Palega, and others. Because the daily transcription was reasonably necessary to the defense of this action, the defendants can recover the $50,000 cost of the daily transcription.

### 3. Printing costs

The defendants request taxing $52,774.84 for printing costs. Objecting to taxing $33,572.80 of the costs, the relator correctly observes that the defendants fail to provide information sufficient to determine the necessity of the printing. Because the defendants "provide no information about what was printed, where, by whom, or for what reason" (Doc. 479 at 8), the defendants cannot recover $33,572.80 of the requested costs. *See Cullens v. Ga. Dep't of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (affirming the denial of printing costs where the movant failed to present "evidence regarding the documents copied[,] including their use or intended use"). The defendants can recover $19,202.04 for printing costs.

### 4. Sanctions

Granting the defendants' motion for sanctions, an August 12, 2015 order (Doc. 235) holds that the defendants "are entitled to a credit of $5,826.25." A January 31, 2018 order (Doc. 475) holds that the relator "is entitled to an award of

$17,844.75." After adjusting for the sanctions, the defendants can tax costs of $86,945.44.[*]

**5. Sovereign immunity**

Invoking sovereign immunity, the State of Florida and the United States object (Docs. 478 and 480) to taxing costs against the governments and request that the clerk tax costs against Ruckh only. Neither Ruckh nor the defendants oppose the requests. The unopposed requests (Docs. 478 and 480) not to tax costs against the governments are **GRANTED**.

## CONCLUSION

The clerk is directed to enter judgment for the defendants and against Angela Ruckh in the amount of $86,945.44.

ORDERED in Tampa, Florida, on April 20, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] $29,761.90 for transcript costs plus $50,000 for daily transcripts plus $19,202.04 for printing plus the $5,826.25 credit minus the $17,844.75 sanction.