# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF FLORIDA *ex rel.* ANGELA RUCKH,<br><br>Plaintiffs,<br><br>v.<br><br>CMC II, LLC; SEA CREST HEALTH CARE MANAGEMENT, LLC, d/b/a LAVIE MANAGEMENT SERVICES OF FLORIDA; SALUS REHABILITATION, LLC, d/b/a LAVIE REHAB; 207 MARSHALL DRIVE OPERATIONS, LLC, d/b/a MARSHALL HEALTH AND REHABILITATION CENTER; 803 OAK STREET OPERATIONS, LLC, d/b/a GOVERNOR'S CREEK HEALTH AND REHABILITATION CENTER,<br><br>Defendants. | CIVIL ACTION NO.<br>8:11-CV-1303-SDM-CPT |

**UNOPPOSED MOTION SEEKING ORDER
REGARDING RELATOR'S ENTITLEMENT TO
ATTORNEYS' FEES AND EXPENSES PURSUANT TO
<u>LOCAL RULE 7.01 & INCORPORATED MEMORANDUM OF LAW</u>**

## MOTION

Pursuant to 31 U.S.C. § 3730(d), Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 7.01, Relator Angela Ruckh ("Relator") hereby moves the Court for an Order establishing her right to recover from Defendants reasonable attorneys' fees and expenses. Defendants do not object to this Motion to the extent that it requests the Court to Order that Relator is entitled to reasonable attorneys' fees and expenses.

Defendants do object to Relator's estimated proposed award of approximately $21,500,000 in attorneys' fees, $2,280,000 in expenses, and $167,000 in taxable costs.[1] Consistent with the provisions of Local Rule 7.01, Relator requests that the Court's Order direct the parties to confer regarding the amount of fees and expenses, after which Relator will file a Supplemental Motion setting forth the areas of agreement and disagreement between the parties.

## INCORPORATED MEMORANDUM OF LAW

The False Claims Act ("FCA") expressly states that a successful relator "shall … receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d).

As a result of the efforts of Relator and her counsel, a significant victory was achieved in this case. After more than 10 years of litigation, a five-week jury trial,

---

[1] Relator will also file a Petition for Costs for the Court's consideration, but would be amenable to conferring with Defendants under the processes set forth in Local Rule 7.01 about those costs should the Court desire.

and an appeal that also involved litigation of a separate motion, judgments were entered against Defendants in favor of the United States in an aggregate amount exceeding $250 million based on false Medicare and Medicaid claims. By dollar amount, these judgments represent one of the largest verdicts in FCA history. Relator now asks this Court to permit her to recover the attorneys' fees and expenses incurred in obtaining those judgments on behalf of the United States. Relator currently estimates that the request will be for approximately $21,500,000 in attorneys' fees, $2,280,000 in expenses, and $167,000 in taxable costs.

    A.    **The FCA Provides that a Successful Relator May Recover Attorneys' Fees**

The FCA provides that when there is a recovery in a case brought by a relator, that "person *shall* also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(2) (emphasis added); *United States ex rel. Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544 (10th Cir. 2000) ("The only significant difference between the FCA and the attorney's fees provisions in [Section 1988 & The Clean Air Act] is that the FCA provisions are mandatory on their face.").

The legislative history of 31 U.S.C. § 3730 confirms that the fee-shifting provision was enacted with the express purpose of creating an incentive to private individuals to bring suits on behalf of the government to help vindicate the interests of the United States: "Unavailability of attorneys' fees inhibits and precludes many private individuals, as well as their attorneys, from bringing civil fraud suits." S.

2

Rep. No. 99-345, at 29 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5294; *see also id.* at 2, *reprinted in* 1986 U.S.C.C.A.N. 5267; *Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 462 (D.C. Cir. 1999) ("The False Claims Act encourages private parties to help fight fraud on the United States by giving them the power to bring civil actions in its name, and by providing both the government and the private party . . . a share of any financial recovery *and reimbursement for their costs, including attorneys' fees.*") (emphasis added); *United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953, 963 (9th Cir. 1995) (listing attorneys' fees as part of the FCA's "incentive effect").

The incentives created through the provision of attorneys' fees are crucial to ensuring that fraud against the United States is fully exposed, litigated, and redressed. Moreover, because recovery under the FCA flows directly to the public fisc, unlike in the context of other fee-shifting provisions, the FCA must provide an especially strong incentive to potential private attorneys general through the full award of attorneys' fees. The maintenance of those incentives provides an independent reason to grant Relator's requested relief.

> B.  **The FCA Provides That a Successful Relator May Recover Litigation Expenses and Taxable Costs**

Fee-shifting statutes also authorize courts to award reasonable and necessary out-of-pocket expenses and costs. *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983). The FCA specifically provides that a prevailing relator "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred." 31 U.S.C. § 3730(d)(2).

Relator respectfully submits that the costs incurred are reasonable given the decade-long length and complexity of the case, including the protracted discovery efforts, the need for multiple experts, and trial expenses.

## CONCLUSION

Accordingly, Relator respectfully moves the Court to enter an Order pursuant to Local Rule 7.01 stating that Relator is entitled to recover attorneys' fees and costs, and directing the parties to engage in the process contemplated by Local Rule 7.01 to discuss amount of attorneys' fees, expenses, and costs to which Relator may be entitled, upon which Relator will submit a Supplemental Memorandum indicating any areas of agreement or dispute remaining between the parties.

## LOCAL RULE 3.01(g) CERTIFICATION

Silvija Strikis, co-counsel for Relator, requested Defendants' position on this motion on February 16, 2021, and Defendants responded on February 19 that they "do not object to the Relator's position that she is entitled to attorneys' fees and related expenses, and would not object to a motion to establish that entitlement under Local Rule 7.01(b)."  The Defendants did indicate that they "object at this time to the specific amounts of fees, expenses, and costs" that Relator proposed and reserved the right to articulate the "bases for those objections pending the further course of the litigation."

Dated:  February 23, 2021

Silvija A. Strikis (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Joseph S. Hall (*pro hac vice*)
Derek T. Ho (*pro hac vice*)
E. Oppenheimer (*pro hac vice*)
Kellogg, Hansen, Todd,
Figel & Frederick, P.L.L.C.
M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
sstrikis@kellogghansen.com
jwebster@kellogghansen.com
jhall@kellogghansen.com
dho@kellogghansen.com
boppenheimer@kellogghansen.com

Respectfully submitted,

*/s/ Kevin J. Darken*

Kevin J. Darken
FL Bar No. 090956
Kevin J. Darken Law Group, LLC
601 Bayshore Blvd, Suite 700 Bradley
Tampa, FL 33606
Telephone: (813) 253-2020
Facsimile: (813) 251-6711 1615
kdarken@kevindarken.com
kdarken@barnettbolt.com

*Counsel for Relator*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all CM/ECF participants.

/s/ Kevin J. Darken
Kevin J. Darken

5